UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
LEROY DAVIS,

Plaintiffs,

-against-

THE CITY OF NEW YORK, JAVIER VELEZ, JAMES LUKESON, GARY CALHOUN,

Defendants.
---------------------------------------------------X

12 CV 1219 (JBW) (JO)

**PLAINTIFF'S PROPOSED JURY CHARGE**

**INTRODUCTION**

I am now going to instruct you on the law. It is your duty as jurors to follow the law as I state it, even if you believe the law is or should be something different. You are the sole judge of the facts--not the attorneys, not I. Decide the case without any bias toward either side, fairly and impartially.

You will have any exhibits you ask to see. You will have a list of the witnesses and exhibits.

You will keep a copy of this charge. A verdict sheet at the end will help you structure your discussions.

Those who took notes can use them and discuss them with other jurors, but they may be inaccurate or incomplete. The actual record will be available. You can ask to hear any testimony read back in open court.

During the trial objections were made and rulings on evidence were given. Draw no inferences from the comparative frequency of objections of one or the other side or from the comparative record in having objections sustained. Where an objection to a question was

sustained, disregard the question and draw no inferences from its wording. Where testimony was stricken, disregard it.

On occasion I gave limiting instructions on how evidence could be used or not used. Follow those instructions.

## EVALUATION OF EVIDENCE

Decide the case solely on the evidence before you and according to the law. You alone will judge the facts of this case based solely on the evidence or inferences which can reasonably be drawn from the evidence. Testimony and exhibits that have been received in evidence by the court are evidence. The lawyers' statements, questions without the answers, or arguments are not evidence. Analyze the evidence dispassionately and without prejudice or emotion. You may draw reasonable inferences.

### A. Witnesses

You must decide which testimony to believe and which testimony not to believe. Consider each witness's demeanor and manner of testifying; his or her opportunity to see, hear, and know the events he or she described, as well as ability to recall and describe those things; the reasonableness of the testimony in light of all the other evidence in the case; the interest of a witness in the outcome of the trial; and whether the witness lied on any occasion. Consider whether part of a witness's testimony was contradicted or supported by other testimony, by what that witness said or did on a prior occasion, or by the testimony of other witnesses or by other evidence.

If you find that a witness has intentionally testified inaccurately to an important matter , you may disregard the entire testimony of that witness, or you may accept as much of the

testimony as you find true and disregard what you find false. A witness may have been mistaken or may have lied with respect to part of his or her testimony while having been accurate with respect to other parts.

**B. Separate Defendants**

In evaluating the evidence, consider each defendant and individually; evidence against one defendant regard ing one of the incidents may not necessarily be probative against another defendant. That one defendant may be liable does not necessarily mean that any other defendant is liable.

**C. Out of Court Declarations**

You have heard evidence concerning what was said outside the courtroom. In evaluating such a statement, remember that the declarants were not cross-examined before you contemporaneously with the statement, and that may affect its evaluation by you. Apply the same credibility tests that you apply with respect to individuals who have testified.

**D. Stipulations**

The parties have entered into stipulations. Accept the matters stipulated as true.

**BURDEN OF PROOF**

The burden of proof is on the plaintiff on liability for some, but not all, of his claims. The burden of proof is on the defendants as to qualified immunity and to establish probable cause for the arrest. I will explain the law on liability, qualified immunity, and false arrest, in a moment.

Meeting the burden of proof requires a fact be shown to be more probably true than not. If the probabilities are evenly balanced, the party with the burden of proof has failed to meet his

burden with respect to that fact. In deciding whether the burden of proof has been met you may use any evidence before you no matter which party introduced it.

**PREPONDERANCE OF THE EVIDENCE**

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence; that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the Plaintiff to prevail on one of his claims, the evidence that supports his claim must appeal to you as more nearly representing what took place than the evidence opposed to his claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the plaintiff.

This concept of preponderance of the evidence is often illustrated with the idea of scales. You put on one side all of the credible evidence favoring plaintiff and on the other all the credible evidence favoring defendant. If the scales tip toward the plaintiff because plaintiff's evidence is weightier, you must find in plaintiff's favor. But if the scales are evenly balanced, or if they tip in defendant's favor, then you must find for the defendant.

Some of you no doubt have heard of "proof beyond a reasonable doubt", which is the standard of proof that is used in a criminal trial. A plaintiff in a civil case does *not* have to satisfy that requirement, and you should put it out of your mind.

**PROXIMATE CAUSE**

You will be asked to consider proximate cause. An injury or damage is proximately caused by an act or failure to act whenever the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that injury was the direct or a reasonably probable consequence of the act or omission. To recover damages for any injury, plaintiff has the burden of proving that he suffered an injury, and that the injury would not have occurred without the conduct of the defendant.

**SECTION 1983 LIABLITY**

Plaintiff brings claims against each defendant under Section 1983 of Title 42 of the United States Code. Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of law. It states in pertinent part :

> Every person who, under color of any statute, ordinance, regulation , custom, or usage of any state . . . subjects any citizen of the United States . . . to the deprivation of any rights, privileges , or immunities secured by the constitution, shall be liable to the party injured . . .

Not every mistake of judgment or violation of a state law, or approved policy or practice of the po lice department. constitutes a violation of the federal Constitution. The Constitution should not be trivialized. But neither may the conduct of those acting under color of state law be tolerated when it violates a federal constitutional right.

To establish a claim against a defendant under Section 1983, plaintiff must prove :

**First,** that the conduct complained of was committed by a person acting under color of state law;

**Second,** that this conduct deprived the plaintiff of a right, privilege or immunity secured by

the Constitution or laws of the United States; and

**Third**, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

Plaintiff must prove that the defendant acted with the required mental state set forth below for each particular violation alleged.

I will now discuss each of the three elements in greater detail.

**A. Color of State Law**

The first element requires plaintiff to prove that a defendant was acting under color of law. There is no dispute that defendants Velez, Lukesman, and Calhoun were acting under color of state law as New York City police officers. For the purpose of the statute, they were acting as state officers.

**B. Deprivation of a Constitutional Right**

Under Section 1983, plaintiff alleges the following constitutional deprivations: (1) false arrest; (2) failure to intervene; (3) malicious prosecution; and (4) denial of a fair trial.

1. False Arrest

Plaintiff claims that defendants falsely arrested him on October 2, 2009.

A person is falsely arrested if he is arrested without probable cause. Probable cause to arrest exists when a police officer has knowledge or reasonably trustworthy information sufficient to convince a person of reasonable caution to believe that a crime has been committed by the person to be arrested.

Defendants contend there was probable cause to arrest plaintiff for unlawful and criminal possession of a handgun and for the unlawful and criminal possession of crack cocaine. Plaintiff contends there was no probable cause to arrest him for these or any other crimes. It is the

defendant's burden to establish probable cause for plaintiff's arrest.

INSERT PENAL LAW FOR WEAPON POSSESSION CHARGES

INSERT PENAL LAW FOR NARCOTICS POSSESSION CHARGES

If probable cause exists for these crimes, or any other crimes or criminal offenses, then the arrest is reasonable.

The existence of probable cause is measured as of the moment of arrest. The ultimate disposition of the criminal charges is irrelevant.

The failure of an officer to make a further inquiry when a reasonable person would have done so may, but does not necessarily evidence lack of probable cause. An officer is not required to conduct a full investigation prior to executing an arrest, but he may not ignore relevant evidence he is aware of, or deliberately disregard facts he is aware of tending to rebut probable cause.

To hold a defendant liable for false arrest, plaintiff must prove that defendant was personally involved in the arrest. Personal involvement may be established if a defendant participated in an agreement with other officers, express or implied, to procure or help arrest plaintiff.

It also is established if a defendant participated in the arrest or immediate post-arrest events, and had the power to prevent or terminate the arrest, but failed to intervene to protect plaintiff from infringement of his constitutional right to be free of a false arrest when he then knew that plaintiff was falsely arrested. In order to establish that a defendant is liable for failing to intervene, you must find that: (1) the defendant participating in the arrest knew of the constitutional violation by false arrest; and (2) had a realistic opportunity to intervene to prevent the false arrest from occurring or continuing.

2. Malicious Prosecution

Plaintiff alleges a claim of malicious prosecution against all defendants. In order to establish a claim of malicious prosecution, plaintiff must prove by a preponderance of the evidence that: (1) the defendants commenced a criminal proceeding against the plaintiff; (2) the criminal proceeding was terminated in plaintiff's favor; (3) there was an absence of probable cause for the proceeding; and (4) the defendant's acted with actual malice in commencing the proceeding against plaintiff.

With respect to the first requirement, if you find by a preponderance of the evidence that any of the defendants filing charges or other accusatory instruments, or played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act, or knowingly provided false information or fabricated evidence that was likely to influence the prosecutors or the grand jury, then the plaintiff has proven the first requirement that the defendant commenced a criminal proceeding.

With respect to the second requirement – favorable termination – there is no dispute that the state court prosecution was dismissed, and the plaintiff was acquitted following a trial in the federal prosecution. I instruct you that these outcomes are favorable terminations and so the plaintiff has proven the second requirement.

With respect to the third requirement, you must determine whether, at the time the defendants completed the complaint report and/or provided information to the district attorney's office, there was probable cause to believe that plaintiff Leroy Davis had committed each and every one of the crimes or offenses with which he was charged.

If you find that there was an absence of probable cause for any one or more of the offenses with which plaintiff was charged, you should deem the third requirement of malicious

prosecution to be satisfied. Id.

Finally, if you conclude that defendant did not have probable cause to believe that plaintiff had committed the crime charged, then you must next consider element (4), whether defendants acted maliciously in initiating the prosecution. With respect to the fourth requirement, malice does not have to be actual spite or hatred, but means only that the defendants must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served. If you find that the defendant did not have probable cause for believing that the plaintiff was guilty at the time he initiated the prosecution, you may, although you are not required to, infer from that fact alone that defendant acted maliciously.

If you find that plaintiff Leroy Davis has proven by a preponderance of the evidence that the defendants initiated plaintiff's prosecution for a purpose other than bringing an alleged criminal to justice, without any reasonable ground for the belief that plaintiff committed an offense, and with reckless disregard of plaintiff's rights, then you must find for the plaintiff on this claim.

3. Denial of a Fair Trial

In order to establish that plaintiff was denied a fair trial, the plaintiff must prove each of the following elements by a preponderance of the evidence: (1) defendants created false evidence; (2) defendants forwarded that false evidence to the prosecutor and/or the grand jury; and (3) plaintiff was deprived of his liberty as result of that false evidence.

**C. Proximate Cause**

The third element which plaintiff must prove under any Sect ion 1983 charge is that the defendant's acts or deliberate failures to act were a proximate cause of injuries sustained by the

plaintiff. Proximate cause has already been defined. In the context of Section 1983, a police officer has an obligation to intervene he observes or knows of another police officer violating a person's constitutional right.

**QUALIFIED IMMUNITY**

If you find that plaintiff has proved a Section 1983 claim against a defendants, then you must decide whether the defendant is entitled to what is called "qualified immunity" as to the particular claim or claims the plaintiff has proved against him.

If you find a defendant is entitled to qualified immunity for a particular claim, he is not liable for that claim.

A police officer is entitled to qualified immunity if, at the time of the conduct complained of: (1) it was objectively reasonable for the officer to believe that his actions were not inconsistent with clearly established federal law; or (2) a reasonably competent police officer would disagree as to the legality of the defendant's conduct.

It is clearly established under federal law that: a person may not be arrested or prosecuted if there is no probable cause to do so; a person may not initiate a criminal prosecution of someone without probable cause to do so; and a person may fabricate evidence . . . .

Prosecuting a defendant so that the prosecution process is used solely for punishment rather than to determine guilt or innocence violates federal law.

In deciding what a reasonably competent police officer would think about the legality of the conduct of any defendant, you may consider the nature of the defendant's official duties, the character of his official position , the information then available to him, and the events that confronted him. Ask yourself what a reasonable police officer in the defendant's situation would

have believed about the legality of the defendant's conduct, bearing in mind that a reasonable police officer may have to act swiftly at the scene to protect the public and persons involved in a street incident.

A defendant has the burden of proving that he neither knew nor should have known at the time he acted or failed to act that his actions violated clearly established federal law. If a defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that he violated clearly established federal law, you must return a verdict for that defendant on that claim. This is so even though you find that the defendant in fact violated the plaintiff's federally protected rights as to that claim.

To receive qualified immunity the police officer need not have actual probable cause, but only arguable probable cause. Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same information would believe that probable cause existed, even if reasonably competent officers could reasonably disagree. Even police officers who reasonably but mistakenly conclude that probable cause was present are entitled to qualified immunity.

**DAMAGES**

I will now explain the law of damages to you. You should not take my instructions as indicating that you should find in favor of the plaintiff. The question of damages is reached only if you determine that a defendant is liable.

If you return a verdict in plaintiff's favor against any of the defendants, you should award plaintiff such a sum of money as you believe will fairly and justly compensate him for any injury you find he actually sustained as a direct consequence of the conduct of the defendant as to that

claim. Plaintiff has the burden of proving the amount of damages.

**A. Compensatory Damages**

If you find that a defendant is liable to plaintiff, then you should award plaintiff such a sum of money as you believe will fairly and justly compensate him for any injury you find he sustained as a result of the defendant's conduct as to that claim. Plaintiff has the burden of proving damages.

The purpose of compensatory damages is to make the plaintiff whole--that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If a plaintiff wins, he is entitled to, in addition to his out-of-pocket expenses, compensatory damages for the loss of liberty, embarrassment, personal humiliation, physical injury, pain and suffering, mental anguish, emotional distress, and discomfort that he has suffered because of the defendants' conduct.

The damages for deprivation of liberty provide redress for the denial of free movement and the violation done to an individual's dignity as a result of the unlawful detention, and not the physical and mental injuries arising from the incident. The damages awarded for deprivation of liberty are independent of damages awarded for physical and mental injuries, and deprivation of liberty damages may be awarded even in the absence of physical or mental harm.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages.

If you decide to award compensatory damages, you should be guided by dispassionate

common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

**B. Punitive Damages**

In addition to compensatory or nominal damages, you may, but are not required to award punitive damages, whether or not you awarded compensatory damages. Decide whether a liable defendant acted with "malice or with reckless indifference" to plaintiffs rights. You may find that standard satisfied if you conclude, based on a preponderance of the evidence, that the defendant knew that his actions were in violation of law; or that he acted with reckless disregard of the law, that is with an intention to disregard what he knew was a high probability that his acts were in violation of the law.

The amount of punitive damages should be reasonable and proportionate to the need you find to punish the defendant and to deter the defendant and others from similar conduct.

**C. Attribution of Damages**

Plaintiff claims that his rights have been violated by a number of different defendants in a number of different ways, and under various statutes. In calculating damages, the plaintiff is entitled to be compensated only once for the total injuries he actually suffered. You must be careful in fixing damages that you do not provide double compensation for a single injury resulting from the violations of different rights or involvement of multiple defendants.

If a defendant violated more than one of the plaintiff's rights and caused separate injuries

by the separate violations, award an amount of compensatory damages that will fairly and justly compensate the plaintiff for each of his separate injuries.

Under Section 1983, compensatory damages may only be returned for any additional injuries plaintiff suffered as a proximate result of any particular constitutional deprivations plaintiff has proven-that is, false arrest, malicious prosecution, or denial of a fair trial.

Where more than one person violated a particular right he is jointly and severally liable for the damages. You do not need to divide damages among individual defendants.

**CONCLUSION**

You are not to discuss the case with anyone outside the jury room . If you need to communicate with me, you will do so in writing, through the Marshal. Do not, until final verdict , give a numerical count of where the jury stands.

During your deliberations, you must not communicate with or provide any information to anyone outside the jury room , by any means, about this case. You may not use any electronic device or media, such as a telephone. cell phone , smart phone, IPhone, Blackberry or computer: the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, Linkedln, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you wish to have some portion of the testimony read, you may send me a note through the Marshal and I will then call you back into the courtroom and have the court reporter read it to you or send in a transcript. I suggest that you try to be as specific as possible. If you are only interested in a particular part of a witness's testimony, please indicate that you are only focusing

on testimony dealing with a particular subject.

If you wish to see any of the exhibits that have been received in evidence, send me a note through the Marshal.

If you have any question about the applicable law and wish a further explanation from me, send me a note through the Marshal.

Each of you is entitled to your own opinion, but you should consider each other's opinions carefully. If you are convinced that your own opinion is wrong, do not hesitate to change your opinion.

Be respectful and courteous in your discussions.

Decide the case fairly in accordance with the evidence and the law. Try to achieve unanimity, but do not abandon your individual responsibility to decide in a way you believe appropriate.

You must all agree on any verdict. Your verdict will be in the form of answers to the questions on the verdict sheet. The answer to each question must be unanimous. When you have reached a full verdict inform me by note.

Dated: November 21, 2013
New York, New York

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

/s/
______________________
Michael Lumer

cc: All counsel of record (By ECF)